RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
STRAIGHT PATH IP GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC. <br><br> Defendant. <br> AND RELATED COUNTERCLAIMS. | **Case No. 3:14-cv-4302** <br><br> **COMPLAINT** |

SPI-Apple Complaint.docx

**COMPLAINT**

1. Plaintiff Straight Path IP Group, Inc. ("Straight Path" or "Plaintiff"), for its Complaint against Defendant Apple Inc. ("Defendant"), hereby alleges as follows:

## PARTIES

2. Straight Path is a Delaware corporation with its principal place of business at 5300 Hickory Park Dr. Suite 218, Glen Allen, VA 23059.

3. On information and belief, Defendant is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## NATURE OF THE ACTION

4. This is a civil action for the infringement of United States Patent No. 6,108,704 (the "'704 Patent") (attached as Exhibit A), United States Patent No. 6,131,121 (the "'121 Patent) (attached as Exhibit B), United States Patent No. 6,701,365 (the "'365 Patent") (attached as Exhibit C), and United States Patent No. 7,149,208 (the "'208 Patent") (attached as Exhibit D) (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5. This action involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in point-to-point network communications devices and products containing same, including, for example but without limitation, software and servers used to perform telecommunications over internet protocol, that infringe one or more of the claims of the Patents-in-Suit.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1, et seq.

7. Defendant is subject to personal jurisdiction in this judicial district because Defendant regularly transacts business in this judicial district by, among other things, offering Defendant's products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendant has committed acts of direct infringement of one or more of the claims of one or more of the Patents-in-Suit in this judicial district.

8. Venue in this district is proper under 28 U.S.C. § 1400(b) and 1391(b) and (c), because the Defendant is subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## FACTUAL BACKGROUND

9. The Patents-in-Suit were previously owned by NetSpeak Corporation ("NetSpeak"). NetSpeak used the technology claimed in the Patents-in-Suit in one of its products, WebPhone.

10. WebPhone earned numerous awards from publications in the fields of computer and communications technology. In 1996, WebPhone was selected by PC Magazine as the "Editors Choice" of Internet telephone software. Computer Telephony Magazine also designated WebPhone an "Editor's Choice" product in 1996. In 1998, Internet Telephony magazine named WebPhone one of its "Product[s] of the Year."

11. WebPhone was also the subject of contemporaneous published articles that praised the product. The authors of these articles described WebPhone and its underlying technology as being new and original, and commented on the potentially far-reaching implications of WebPhone for communications and computer technology. For example, in August of 1996, Computer Telephony Magazine published an article in which it concluded that NetSpeak's new Business WebPhone System had the potential to be "absolutely revolutionary." The Computer Telephony Magazine article observes that the method devised by the inventors for establishing point-to-point connections between WebPhone client processes was a "new method" that distinguished WebPhone from other competing products available at the time. A separate review by Consummate Winsock Apps in 1996 observed that "WebPhone may well be on its way towards becoming the killer app that puts to shame similar offerings" from NetSpeak's competitors.

12. Straight Path is the lawful owner-by-assignment of all right, title and interest in and to the Patents-in-Suit. Straight Path is a majority owned subsidiary of Straight Path Communications, Inc. ("SPCI"). SPCI is a holding company for two companies, Straight Path and Straight Path Spectrum, Inc. ("Straight Path Spectrum"). Straight Path Spectrum holds, leases and markets fixed wireless spectrum in the 39 GHz and 29 GHz spectrums that are used for

telecommunications.  In particular, Straight Path Spectrum's spectrum is primarily used to provide backhaul services for existing wireless Internet service providers and for cellular mobile backhaul.

13. All maintenance fees for the Patents-in-Suit have been timely paid, and there are no fees currently due.

## COUNT I

### (Defendant's Infringement of the '704 Patent)

14. Paragraphs 1 through 13 are incorporated by reference as if fully restated herein.

15. United States Patent No. 6,108,704, entitled "Point-to-Point Internet Protocol," issued on August 22, 2000 from United States Patent Application No. 08/533,115 filed on September 25, 1995.  On October 26, 2010, an Ex Parte Reexamination Certificate issued for the '704 Patent.  A true and correct copy of the '704 Patent is attached as Exhibit A.

16. Defendant has been and now is directly infringing one or more claims of the '704 Patent under 35 U.S.C. §271(a), in this judicial District and elsewhere in the United States, by, among other things, making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use computer program products capable of executing a first process, connecting to a second process and a server over a computer network, and that include program code for (a) transmitting a network protocol address for the first process to the server; (b) transmitting a query to server as to whether a second process is connected to the network; (c) if the response is in the affirmative, receiving the network address of the second process; and (d) after receiving the network address of the second process, establishing a point-to-point communication link between the first and second processes.  For example, and without limitation, Defendant directly infringes the '704 Patent by making, using, selling, offering to sell and/or importing into the United States IP telecommunications products such as Defendant's Facetime software.  These products infringe the '704 Patent literally and/or under the doctrine of equivalents.

17. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '704 Patent under 35 U.S.C. ¶271(b) by its customers and end users.

18. Defendant has had knowledge of the '704 Patent since at least the filing of this lawsuit.

19. Defendant has induced its customers and end users to infringe the '704 Patent by using computer program products capable of executing a first process, connecting to a second process and a server over a computer network, and that include program code for (a) transmitting a network protocol address for the first process to the server; (b) transmitting a query to server as to whether a second process is connected to the network; (c) if the response is in the affirmative, receiving the network address of the second process; and (d) after receiving the network address of the second process, establishing a point-to-point communication link between the first and second processes. For example, Defendant encourages its customers and end users to make infringing point-to-point connections through the materials it provides to its customers, including those materials provided on Defendant's Internet website. *See, e.g.*, http://www.apple.com/mac/facetime/.

20. Defendant specifically intends its customers and/or end users to infringe the '704 Patent, either literally or by the doctrine of equivalents, because Defendant has known about the '704 Patent and how Defendant's products infringe the claims of the '704 Patent but Defendant has not taken steps to prevent the infringement by its customers and/or end users. Accordingly, Defendant has acted with the specific intent to induce infringement of the '704 Patent.

21. Accordingly, Defendant has induced infringement of the '704 Patent under 35 U.S.C. §271(b).

22. Defendant has had knowledge of and notice of the '704 Patent and its infringement since at least the filing of this lawsuit and, despite this knowledge, continues to commit tortious conduct by way of patent infringement.

23. Defendant has been and continues to be infringing one or more of the claims of the '704 Patent through the aforesaid acts.

24. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

4
**COMPLAINT**

# COUNT II

## (Defendant's Infringement of the '121 Patent)

25. Paragraphs 1 through 13 are incorporated by reference as if fully restated herein.

26. United States Patent No. 6,131,121, entitled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses," issued on October 10, 2000 from United States Patent Application No. 08/719,554 filed on September 25, 1996. On December 14, 2010, an Ex Parte Reexamination Certificate issued for the '121 Patent. A true and correct copy of the '121 Patent is attached as Exhibit B.

27. Defendant has been and now is directly infringing one or more claims of the '121 Patent under 35 U.S.C. §271(a), in this judicial District and elsewhere in the United States, by, among other things, making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use apparatuses capable of executing a first process operatively coupled over a computer network to a second process and a directory database server process, and that include program logic for (a) forwarding a dynamically assigned network protocol address through which the first process can be accessed to the address server; (b) querying the address as to whether the second process is connected to the computer network; (c) receiving a dynamically assigned network protocol address of the second process if it is connected to the computer network; and (d) establishing a point-to-point communication link with the second process in response to receiving its address. For example, and without limitation, Defendant directly infringes the '121 Patent by making, using, selling, offering to sell and/or importing into the United States IP telecommunications such as Defendant's Facetime software. These products infringe the '121 Patent literally and/or under the doctrine of equivalents.

28. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '121 Patent under 35 U.S.C. ¶271(b) by its customers and end users.

29. Defendant has had knowledge of the '121 Patent since at least the filing of this lawsuit.

30. Defendant has induced its customers and end users to infringe the '121 Patent by using apparatuses capable of executing a first process operatively coupled over a computer network to

a second process and a directory database server process, and that include program logic for (a) forwarding a dynamically assigned network protocol address through which the first process can be accessed to the address server; (b) querying the address as to whether the second process is connected to the computer network; (c) receiving a dynamically assigned network protocol address of the second process if it is connected to the computer network; and (d) establishing a point-to-point communication link with the second process in response to receiving its address. For example, Defendant encourages its customers and end users to make infringing point-to-point connections through the materials it provides to its customers, including those materials provided on Defendant's Internet website. *See, e.g.*, http://www.apple.com/mac/facetime/.

31. Defendant specifically intends its customers and/or end users to infringe the '121 Patent, either literally or by the doctrine of equivalents, because Defendant has known about the '121 Patent and how Defendant's products infringe the claims of the '121 Patent but Defendant has not taken steps to prevent the infringement by its customers and/or end users. Accordingly, Defendant has acted with the specific intent to induce infringement of the '121 Patent.

32. Accordingly, Defendant has induced infringement of the '121 Patent under 35 U.S.C. §271(b).

33. Defendant has had knowledge of and notice of the '121 Patent since at least the filing of this lawsuit and, despite this knowledge, continues to commit tortious conduct by way of patent infringement.

34. Defendant has been and continues to be infringing one or more of the claims of the '121 Patent through the aforesaid acts.

35. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III

### (Defendant's Infringement of the '365 Patent)

36. Paragraphs 1 through 13 are incorporated by reference as if fully restated herein.

37. United States Patent No. 6,701,365, entitled "Point-to-Point Internet Protocol," issued on March 2, 2004 from United States Patent Application No. 09/345,222 filed on June 30, 1999.

On August 3, 2010, an Ex Parte Reexamination Certificate issued for the '365 Patent. A true and correct copy of the '365 Patent is attached as Exhibit C.

38. Defendant has been and now is directly infringing one or more claims of the '365 Patent under 35 U.S.C. §271(a), in this judicial District and elsewhere in the United States, by, among other things, making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use computer program products for use with a server operatively connected over a computer network to a plurality of processes, and that include program code for (a) receiving the current dynamically assigned network protocol address of one of the processes connected to the network; (b) receiving an identifier associated with the process; and (c) receiving queries for either the address or the identifier from another process and allowing the establishment of packet-based point-to-point communication between the processes. For example, and without limitation, Defendant directly infringes the '365 Patent by making, using, selling, offering to sell and/or importing into the United States IP telecommunications such as Defendant's Facetime software. These products infringe the '365 Patent literally and/or under the doctrine of equivalents.

39. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '365 Patent under 35 U.S.C. ¶271(b) by its customers and end users.

40. Defendant has had knowledge of the '365 Patent since the filing of this lawsuit.

41. Defendant has induced its customers and end users to infringe the '365 Patent by using computer program products for use with a server operatively connected over a computer network to a plurality of processes, and that include program code for (a) receiving the current dynamically assigned network protocol address of one of the processes connected to the network; (b) receiving an identifier associated with the process; and (c) receiving queries for either the address or the identifier from another process and allowing the establishment of packet-based point-to-point communication between the processes. For example, Defendant encourages its customers and end users to make infringing point-to-point connections through

the materials it provides to its customers, including those materials provided on Defendant's Internet website. *See, e.g.*, http://www.apple.com/mac/facetime/.

42. Defendant specifically intends its customers and/or end users to infringe the '365 Patent, either literally or by the doctrine of equivalents, because Defendant has known about the '365 Patent and how Defendant's products infringe the claims of the '365 Patent but Defendant has not taken steps to prevent the infringement by its customers and/or end users. Accordingly, Defendant has acted with the specific intent to induce infringement of the '365 Patent.

43. Accordingly, Defendant has induced infringement of the '365 Patent under 35 U.S.C. §271(b).

44. Defendant has had knowledge of and notice of the '365 Patent and its infringement since at least the filing of this lawsuit and, despite this knowledge, continues to commit tortious conduct by way of patent infringement.

45. Defendant has been and continues to be infringing one or more of the claims of the '365 Patent through the aforesaid acts.

46. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV

### (Defendant's Infringement of the '208 Patent)

47. Paragraphs 1 through 13 are incorporated by reference as if fully restated herein.

48. United States Patent No. 7,149,208, entitled "Method And Apparatus For Providing Caller Identification Based Responses In A Computer Telephony Environment," issued on December 12, 2006 from United States Patent Application No. 08/719,639 filed on September 25, 1996. A true and correct copy of the '208 Patent is attached as Exhibit D.

49. Defendant has been and now is directly infringing one or more claims of the '208 Patent under 35 U.S.C. §271(a), in this judicial District and elsewhere in the United States, by, among other things, making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use of devices that include telephony processes with dynamically assigned network protocol addresses that include a method of selectively alerting a user of an incoming communication, including (a) receiving a call packet containing an information profile

identifying a telephony process that is the source of a communications; (b) responding to the incoming communication in accordance with the identify of the source; and (c) wherein a central server stores the address used to establish a connection between telephony processes.  For example, and without limitation, Defendant directly infringes the '208 Patent by making, using, selling, offering to sell and/or importing into the United States IP telecommunications such as Defendant's Facetime software.  These products infringe the '208 Patent literally and/or under the doctrine of equivalents.

50. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '208 Patent under 35 U.S.C. ¶271(b) by its customers and end users.

51. Defendant has had knowledge of the '208 Patent since the filing of this lawsuit.

52. Defendant has induced its customers and end users to infringe the '208 Patent by using subsequent sale or use of devices that include telephony processes with dynamically assigned network protocol addresses that include a method of selectively alerting a user of an incoming communication, including (a) receiving a call packet containing an information profile identifying a telephony process that is the source of a communications; (b) responding to the incoming communication in accordance with the identify of the source; and (c) wherein a central server stores the address used to establish a connection between telephony processes.  For example, Defendant encourages its customers and end users to make infringing point-to-point connections through the materials it provides to its customers, including those materials provided on Defendant's Internet website.  *See, e.g.*, http://www.apple.com/mac/facetime/.

53. Defendant specifically intends its customers and/or end users to infringe the '208 Patent, either literally or by the doctrine of equivalents, because Defendant has known about the '208 Patent and how Defendant's products infringe the claims of the '208 Patent but Defendant has not taken steps to prevent the infringement by its customers and/or end users.  Accordingly, Defendant has acted with the specific intent to induce infringement of the '208 Patent.

54. Accordingly, Defendant has induced infringement of the '208 Patent under 35 U.S.C. §271(b).

9
**COMPLAINT**

55. Defendant has had knowledge of and notice of the '208 Patent and its infringement since at least the filing of this lawsuit and, despite this knowledge, continues to commit tortious conduct by way of patent infringement.

56. Defendant has been and continues to be infringing one or more of the claims of the '208 Patent through the aforesaid acts.

57. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## PRAYER FOR RELIEF

Wherefore, Straight Path IP Group, Inc., respectfully requests the following relief:

a) A judgment that Defendant has infringed the '704 Patent;

b) A judgment that Defendant has infringed the '121 Patent;

c) A judgment that Defendant has infringed the '365 Patent;

d) A judgment that Defendant has infringed the '208 Patent;

e) A judgment that awards Straight Path all appropriate damages under 35 U.S.C. § 284 for the Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Straight Path for Defendant's infringement;

f) An adjudication that this case is exceptional within the meaning of 35 U.S.C. § 285;

g) An adjudication that Straight Path be awarded the attorneys' fees, costs, and expenses it incurs in prosecuting this action; and

h) An adjudication that Straight Path be awarded such further relief at law or in equity as the Court deems just and proper.

///

///

///

| | |
|---|---|
| | Respectfully submitted, |
| DATED: September 24, 2014 | **RUSS, AUGUST & KABAT** |
| | */s/ Marc A. Fenster*<br>Marc A. Fenster, SBN 181067<br>Andrew D. Weiss, SBN 232974<br>12424 Wilshire Boulevard<br>Twelfth Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991 |
| | *Attorneys for Plaintiff*<br>*Straight Path IP Group, Inc.* |

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Straight Path IP Group, Inc. request a trial by jury of any issues so triable by right.

Respectfully submitted,

DATED: September 24, 2014

**RUSS, AUGUST & KABAT**

*/s/ Marc A. Fenster*

Marc A. Fenster, SBN 181067
Andrew D. Weiss, SBN 232974
Twelfth Floor
12424 Wilshire Boulevard
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff
Straight Path IP Group, Inc.*